

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| CRAIG CARPENITO<br>United States Attorney | 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | Phone: 973-645-2752<br>Fax:    973-645-3497 |
| Anthony Moscato<br>Assistant U.S. Attorney | | |

April 25, 2019

Scott B. McBride, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068

      Re:    <u>Plea Agreement with Kyung Lim Park</u>

Dear Mr. McBride:

      This letter sets forth the plea agreement between your client, Kyung Lim Park, and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement will expire on May 10, 2019.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Mr. Park to an Information that charges him with making a materially false statement in connection with his naturalization application, in violation of Title 18, United States Code, Section 1001.

      If Mr. Park enters a guilty plea and is sentenced on this charge and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against Mr. Park for the criminal conduct alleged in the Information and the Criminal Complaint, Criminal Number: 18-8051 (LDW). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Park agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Park may be commenced against him, notwithstanding the expiration of the limitations period after Mr. Park signs the agreement.

Sentencing

The violation of Title 18, United States Code, Section 1001 to which Mr. Park agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Mr. Park is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Section Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Mr. Park ultimately will receive.

Further, in addition to imposing any other penalty on Mr. Park, the sentencing judge: (1) will order Mr. Park to pay an assessment of $100 pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) may order Mr. Park to pay restitution pursuant to Title 18, United States Code, Section 3663 et seq.; (3) may order Mr. Park, pursuant to Title 18, United States Code, Section 3555, to give notice to any victims of his offense; and (4) pursuant to Title 18, United States Code, Section 3583, may require Mr. Park to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Mr. Park be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Mr. Park may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Park by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Park's activities and relevant conduct with respect to this case.

Stipulations

This Office and Mr. Park agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mr. Park from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mr. Park waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Immigration Consequences

Mr. Park understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mr. Park understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mr. Park wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mr. Park understands that he is bound by this guilty plea regardless of any immigration consequences of the plea. Accordingly, Mr. Park waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Park. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Mr. Park.

No provision of this agreement shall preclude Mr. Park from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mr. Park received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Mr. Park and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Anthony Moscato
Assistant U.S. Attorney

APPROVED:

Rahul Agarwal
Deputy Chief, Criminal Division

I have received this letter from my attorney, Scott B. McBride, Esq. My attorney and I have discussed it and all its provisions, including those provisions addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I fully understand this letter. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: May 3, 2019
Kyung Lim Park
Defendant

I have discussed with Mr. Park this plea agreement and all of its provision, including those provisions addressing the charge, sentencing, stipulations, waiver, and immigration consequences. Mr. Park understands this plea agreement and wants to plead guilty pursuant to it.

_____  Date: 5.3.19
Scott B. McBride, Esq.
Counsel for the Defendant

## Plea Agreement with Kyung Lim Park

## Schedule A

1. This Office and Kyung Lim Park recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Mr. Park nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Mr. Park within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Mr. Park further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total guidelines offense level.

2. The version of the United States Sentencing Guidelines effective on the date of sentencing applies in this case.

### Offense Conduct

3. The applicable guideline is U.S.S.G. § 2B1.1(a)(2), resulting in a Base Offense Level of 6.

### Acceptance of Responsibility

4. As of the date of this letter, Mr. Park has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Mr. Park's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

### Calculation of the Total Offense Level

5. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Mr. Park is 4 (the "Agreed Total Guidelines Offense Level").

6. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level is reasonable.

Waiver of Appellate Rights

      7.    Mr. Park knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255 that challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Agreed Total Guidelines Offense Level of 4. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Agreed Total Guidelines Offense Level of 4. The parties reserve any right they may have under Title 18, United States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      8.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.